# FREEMAN, NOOTER & GINSBERG
**ATTORNEYS AT LAW**

LOUIS M. FREEMAN  
THOMAS H. NOOTER  
LEE A. GINSBERG  
_____

NADJIA LIMANI  
OF COUNSEL  
_____

CHARLENE RAMOS  
OFFICE MANAGER

75 MAIDEN LANE  
SUITE 503  
NEW YORK, N.Y. 10038  
_____

(212) 608-0808  
TELECOPIER (212) 962-9696  
E-MAIL: FNGLAW@AOL.COM  
WWW.FNGLAW.COM

May 1, 2020

BY ECF  
Honorable Cathy Seibel  
United States District Judge  
United States Courthouse  
300 Quarropas Street  
White Plains, NY 10007

      Re: *United States v. Frank Natiello*  
        11 CR 365 (CS)

Dear Judge Seibel:

  On behalf of Frank Natiello, we write to renew our April 8, 2020 motion for a reduction of sentence, pursuant to 18 U.S.C. §3582(c)(1)(A), seeking emergency relief from the dangerous health conditions under which he is being detained at the Metropolitan Detention Center ("MDC").

  On March 30, 2020 undersigned counsel wrote to both Warden Derek Edge and Regional Director David Paul requesting the release of Mr. Natiello to home confinement pursuant to 18 U.S.C. § 3624 via electronic mail. We received confirmation of the e-mail to Warden Edge from the Executive Assistant.

  On April 22, 2020, we wrote to Warden Edge supplementing our original request based on the issuance of the Bureau of Prisons memorandum on April 22, 2020 which listed the factors the BOP was using to assess which inmates were suitable for home confinement. Because Mr. Natiello met all of the requirements and has also served over 50% of his sentence, he appeared to be eligible for home confinement. As of today's date, neither undersigned counsel nor Mr. Natiello has received a response from the Bureau of Prisons regarding our requests.

  On April 8, 2020, we filed an emergency motion for compassionate release. Pursuant to the First Step Act of 2018, a sentencing court may reduce the term of imprisonment,

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—  
> (i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the

1

Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

In Your Honor's April 12, 2020 order, the motion was denied without prejudice to renewal because Mr. Natiello had not exhausted his administrative remedies. D.E. 241. Because thirty days have now passed since our letter to Warden Edge, the motion is ripe for renewal.

Mr. Natiello suffers from asthma. As discussed in our April 8, 2020 motion, his asthma places him at a significantly greater risk of contracting and/or suffering acutely from COVID-19, according to the Centers for Disease Control[1] and the conditions in the MDC further expose him to increased risk of contracting the COVID-19 virus.

Prior to his incarceration, he was being treated for his asthma by Dr. Inna Shifrin in Brooklyn, New York. Pursuant to the Court's direction to obtain Mr. Natiello's medical records, we requested and received an e-mail from Mr. Natiello which granted permission for undersigned counsel to sign a HIPAA release to obtain the records from Dr. Shifrin. We have sent such form to Dr. Shifrin by fax, however she will not release records without a HIPAA form signed by Mr. Natiello. Due to the inability to visit Mr. Natiello, the lockdown and quarantine at the MDC, getting a blank HIPPA form to Mr. Natiello and receiving a completed form back from him is nearly impossible.

According to the BOP, as of today's date, there are zero inmates and twenty-seven staff members "positive" at Brooklyn MDC.[2] The BOP is not releasing data regarding how many tests have been given at each institution or how many inmates who have tested positive for COVID-19 have since been released from each institution. As long as the BOP fails to test all inmates and staff,[3] including symptomatic and asymptomatic individuals, the numbers of inmates and staff that test positive will remain low. These numbers are dangerously deceiving. One may be asymptomatic and be infected and infect others. Indeed, Dr. Anthony Fauci stated that perhaps as many as fifty percent of those infected are asymptomatic. *See,* "*As many as half of those with the coronavirus could be asymptomatic, Fauci says*," The New York Times (April 5, 2020), https://www.nytimes.com/ 2020/04/05/world/coronavirus-live-news-updates.html#link-327dd1e4.

In *United States v. Hernandez*, No. 18 Cr 834, D.E. 451, Judge Engelmayer found that there were extraordinary and compelling reasons present warranting a reduction of sentence to time served where the inmate's heightened medical risk was caused by his incarceration during the COVID-19 pandemic and his asthma:

---

[1] "People with moderate to severe asthma may be at higher risk of getting very sick from COVID-19. COVID-19 can affect your respiratory tract (nose, throat, lungs), cause an asthma attack, and possibly lead to pneumonia and acute respiratory disease." Centers for Disease Control and Prevention, *If You Are at Higher Risk*, https://tinyurl.com/vtbebzc.

[2] Number of positive cases obtained from www.bop.gov/coronavirus.

[3] The BOP has indicated that they are increasing testing on symptomatic and asymptomatic individuals using the "Abbott ID NOW instrument for Rapid RNA testing at select facilities experiencing widespread transmission." Bureau of Prisons, *BOP Expands COVID-19 Testing*, https://www.bop.gov/ resources/ news/ 20200424_expanded_testing.jsp. However, the BOP has not indicated which facilities have been given the Abbott ID NOW instruments or additional test kits.

> COVID-19 presents a heightened risk for incarcerated defendants like Mr. Hernandez with respiratory ailments such as asthma. The Centers for Disease Control warns that persons with asthma are at high risk of serious illness if they contract the disease. Further, the crowded nature of municipal jails such as the facility in which Mr. Hernandez is housed present an outsize risk that the COVID-19 contagion, once it gains entry, will spread. And, realistically, a high-risk inmate who contracts the virus while in prison will face challenges in caring for himself. For these reasons, in the past two weeks, numerous courts, including this one, have ordered the temporary release from custody of inmates held in pretrial or presentencing custody.

*Id*. at 5.

For the reasons stated above and in our April 8, 2020 motion for a reduction in sentence, we urge the Court to re-sentence Mr. Natiello to time served and impose a period of home confinement as a condition of his supervised release.

                                                                       Respectfully submitted,

                                                                       /s/ Lee A. Ginsberg
                                                                       Lee A. Ginsberg