# FREEMAN, NOOTER & GINSBERG
**ATTORNEYS AT LAW**

| | |
|---|---|
| LOUIS M. FREEMAN | 75 MAIDEN LANE |
| THOMAS H. NOOTER | SUITE 503 |
| LEE A. GINSBERG | NEW YORK, N.Y. 10038 |
| _____ | _____ |
| | ___ |
| NADJIA LIMANI | (212) 608-0808 |
| OF COUNSEL | TELECOPIER (212) 962-9696 |
| | E-MAIL: FNGLAW@AOL.COM |
| _____ | WWW.FNGLAW.COM |
| CHARLENE RAMOS | |
| OFFICE MANAGER | |

May 4, 2020

BY ECF
Honorable Cathy Seibel
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, NY 10007

       Re: *United States v. Frank Natiello*
         11 CR 365 (CS)

Dear Judge Seibel:

  We write to supplement our May 4, 2020 submission renewing Mr. Natiello's motion for a sentence reduction due to the COVID-19 pandemic. On April 23, 2020, in connection with an Eastern District of New York civil lawsuit Chunn, et al. v. Warden Derek Edge, 20 CV 1590 (RLM), Dr. Homer Venters visited the Metropolitan Detention Center Brooklyn ("MDC") to conduct an evaluation of the facilities' practices with respect to COVID-19. A copy of his report, Facility Evaluation of the Metropolitan Detention Center by Dr. Homer Centers in Chunn, et al. v. Warden Derek Edge, 20 CV 1590 (RLM), D.E. 72-1 is attached as *Exhibit A*.

  The description of the current conditions at the MDC contained in Dr. Venters' report further supports our motion for a sentence reduction. These conditions, when taken in combination with Mr. Natiello's asthma, present extraordinary and compelling circumstances warranting compassionate release.

  The methodology for Dr. Venters' report was as follows:

> In order to prepare this report, I visited the MDC on April 23, 2020 and physically inspected the facility. I toured and examined the entry and screening area, four housing areas, and the health services unit. Housing areas inspected included the special housing unit, unit 82 (cadre), unit 41, and unit 84 (isolation). During this inspection, I was able to speak with 17 detained people.

1

*Id*. at 5.  In addition, Dr. Venters reviewed sick-call requests for inmates detained at MDC (electronic and paper), detainee sick-call data and requests, BOP COVID-19 policies and procedures, BOP screening tools and BOP statistics on COVID-19 at BOP facilities.[1]

Based on his inspection of the MDC, interviews of detained inmates, and review of the documents listed above, Dr. Venters' conclusion was that "current practices in the MDC likely fail to detect all cases of COVID-19 symptoms throughout the facility. Therefore, the number of infected detained people and staff is likely much larger than currently appreciated." *Id*. at 6-7.

Dr. Venters found that the reasons for this failure were that 1) most people are not screened for COVID-19 signs and symptoms, 2) MDC relies on a defective system to detect cases of COVID-19 (sick calls were ignored, paper sick-calls were destroyed and not scanned to patient medical records, MDC response to urgent sick-calls is inadequate and MDC nurses are not attending to sick-calls or tracking COVID-19 symptoms, 3) MDC has not implemented adequate infection control practices, the physical environment at MDC is conducive to the spread of COVID-19 and 4) MDC has not implemented any special procedures for high-risk patients. *See*, *id*. at 7-19.

For the reasons stated in our April 8, 2020 motion, our May 1, 2020 letter-motion renewing our April 8, 2020 motion and the conclusions stated in Dr. Venters' report, we respectfully request that Mr. Natiello's motion for compassionate release be granted.

Respectfully submitted,

/s/ Lee A. Ginsberg
Lee A. Ginsberg

---

[1] He also reviewed the Amended Petition dated April 23, 2020 in Chunn, et al. v. Warden Derek Edge, 20 CV 1590 (RLM), the medical records of [name redacted], and the transcript of deposition of Stacey Vasquez pursuant to Fed. R. Civ. P. 30(b)(6) dated April 27, 2020.

2