U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*United States District Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

May 5, 2020

**BY ECF**

The Honorable Cathy Seibel
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:    *United States v. Frank Natiello III,* a/k/a "Junior," a/k/a "Cheech"
            **11 Cr. 365 (CS)**

Dear Judge Seibel:

      The Government respectfully submits this letter in the above-captioned matter in opposition to the renewed motion of Frank Natiello IIII a/k/a "Junior," a/k/a "Cheech," for immediate release pursuant to 18 U.S.C. § 3582 (Dkt. No. 242), and as a supplement to the Government's opposition dated April 11, 2020. (Dkt No. 240). The Court should deny the defendant's motion because he has failed to exhaust his administrative remedies and this Court therefore lacks jurisdiction for the reasons set forth in the Government's opposition dated April 11, 2020 and this Court's Order dated April 12, 2020. (Dkt. No. 241). And even if the Court had jurisdiction, it should deny defendant's motion due to the defendant's failure to provide any additional support for his alleged asthma.

      Contrary to the defendant's contention, he has not exhausted his administrative remedies with respect to a request for compassionate release under Section 3582. Indeed, it appears that the defendant has not made any request to the warden for compassionate release under Section 3582. The April 30, 2020 letter to the warden that defendant relies upon requested home confinement under 18 U.S.C. § 3624. *See* Ex. A. However, requests for home confinement under Section 3624 are entirely separate from requests for compassionate release under Section 3582. Under 18 U.S.C. 3624(c), "[t]he authority to place a prisoner in a community correctional facility or in home confinement is . . . vested in the Director of the Bureau of Prisons." *United States v. Losifids*, 2016 WL 3267329, at *2 (S.D.N.Y. June 9, 2016). Thus, "the Court lacks jurisdiction to order that [a defendant] be placed in home confinement for the remainder of his term of imprisonment." *Id.*; *see also Jiminian v. United States*, 2012 WL 470251, at *1 (S.D.N.Y. Feb. 10, 2012) (holding that the statute "plainly creates no right of action in a prisoner desirous of home detention."). Accordingly, defendant's request that the warden release him to home confinement under Section 3624 does not and cannot suffice to exhaust his administrative remedies for compassionate release under Section 3582. For the reasons set forth in the Governments opposition dated April 11, 2020,

The Honorable Cathy Seibel
May 5, 2020
Page 2

this Court lacks jurisdiction to consider the defendant's request for compassionate release until the defendant has exhausted his administrative remedies for that particular request.

Even assuming the Court had jurisdiction to consider the defendant's request, the Court should deny it because defendant has not satisfied his burden to demonstrate an "extraordinary and compelling reason" for his release. Defendant relies on his alleged asthma, which, for the reasons set forth in the Government's opposition dated April 11, 2020, is insufficient. While the Government understands that the defendant is having difficulty accessing his medical records from before he was in BOP custody, his medical records while in BOP custody raise serious questions about his alleged asthma and demonstrate that any such condition is minor and being treated properly. In particular, the fact that the defendant did not have an inhaler when he came into BOP custody, did not identify any asthma or respiratory issues in his health screens in March 2020, only requested an inhaler on April 2, 2020, and has not had any asthmatic attacks or respiratory issues while incarcerated demonstrate that any asthma condition is minor and not a sufficient reason for his release.

## CONCLUSION

For the foregoing reasons, Natiello's motion should be denied.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By:   /s/ Courtney L. Heavey
Courtney L. Heavey
Assistant United States Attorney
(914) 993-1927

Enclosure

cc:    (by ECF)

      Counsel of Record